UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE FRYBURGER, | No. C 07-815 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Robert Lee Fryburger, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Fryburger was convicted in Fresno County Superior Court of second degree murder and was sentenced on an unstated date to a term of 15 years to life in prison. His petition does not challenge his conviction but instead challenges a January 4, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. See Petition, p. 15:12. Fryburger alleges that he filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Fryburger alleges in his petition that the BPH's decision violated his right to due process because it was not supported by some evidence and the BPH continues to rely on the unchanging facts regarding his crime. Liberally construed, the allegations present cognizable claims for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

The only parole decision at issue in this case is the 2006 parole decision, see Petition, p. 15, and not any of the earlier decisions even though Fryburger has attached bits and pieces from several parole decisions to his petition. Multiple decision cannot be challenged in a single petition because there are procedural issues (e.g., exhaustion and timeliness) unique to each decision challenged.

**CONCLUSION**

For the foregoing reasons,

1.   The petition's due process claims warrant a response from respondent.

2.   The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2

3. Respondent must file and serve upon petitioner, on or before **September 7, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 12, 2007**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 3, 2007

Marilyn Hall Patel
United States District Judge

3