UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE FRYBURGER, | No. C 07-815 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Robert Lee Fryburger filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the January 4, 2006 decision of the Board of Parole Hearings ("BPH") that he was not suitable for parole. Respondent has moved to dismiss the action on the ground that the petition is procedurally defaulted because the California Supreme Court rejected Fryburger's petition for review as untimely filed. Fryburger has opposed the motion. For the reasons explained below, the action will be dismissed without prejudice to Fryburger filing a new action after he exhausts his state judicial remedies.

## BACKGROUND

The facts relating to the procedural problem are straightforward: After parole was denied, Fryburger filed a petition for writ of habeas corpus in the Fresno County Superior Court; the petition was denied in an August 8, 2006 order. Opposition, Exh. A. Fryburger then filed a petition for writ of habeas corpus in the California Court of Appeal; the petition was denied in a September 28, 2006 order. Opposition, Exh. B. Fryburger then tried to file a petition for review – not a petition for writ of habeas corpus – in the California Supreme

1    Court.  See Opposition, Exh. C.  The petition for review was rejected by the California
2    Supreme Court and sent back to Fryburger unfiled with a cover letter that explained that it
3    had not been received by the deadline.  Motion To Dismiss, Exh. A.  The clerk's letter
4    explained to Fryburger how and when to apply for relief from the default of an untimely filed
5    petition.  Id.  Fryburger then sent an application for relief from default, but that also did not
6    arrive at the California Supreme Court by the filing deadline.  The California Supreme Court
7    therefore rejected it and the petition for review as untimely.  Motion To Dismiss, Exh. B.
8    The clerk's letter explained that, because the filing had not been received by the deadline,  the
9    California Supreme Court had lost jurisdiction to act on any petition for review.  Id.  The
10   clerk's letter also explained: "If you wish to file a petition for writ of habeas corpus, we
11   require that you complete the enclosed form as fully as possible."  Id.  Fryburger did not file
12   a petition for writ of habeas corpus in the California Supreme Court, and instead filed this
13   action three months later.

## DISCUSSION

15   Consideration of respondent's motion to dismiss requires resort to two separate
16   procedural rules governing federal habeas cases.  The first rule, known as the exhaustion
17   requirement, requires that prisoners in state custody who wish to challenge collaterally in
18   federal habeas proceedings either the fact or length of their confinement first exhaust state
19   judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
20   highest state court available with a fair opportunity to rule on the merits of each and every
21   claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455
22   U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  The exhaustion-of-
23   state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial
24   "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'"
25   Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  A federal district court must
26   dismiss a habeas petition containing any claim as to which state remedies have not been
27   exhausted.  See Rose v. Lundy, 455 U.S. at 522.
28   The second procedural rule of import is the procedural default doctrine, which

forecloses federal review of a state prisoner's federal habeas claims if those claims were defaulted on in state court pursuant to an independent and adequate state procedural rule. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).  To find procedural default, a federal court must determine that the state court explicitly invoked a state procedural bar as an independent basis for its decision, see id. at 735; McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995), cert. denied, 517 U.S. 1150 (1996), and that the state procedural bar cited was clear, consistently applied and well-established at the time of the petitioner's purported default, see Calderon v. United States Dist. Court (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996), cert. denied, 520 U.S. 1204 (1997).

In the present case, Fryburger's petition for review was rejected based on a state procedural rule.  However, the procedural rule was one that did not end all possibility of review by the California Supreme Court.  The rejection of the petition for review as untimely did not mean that the California Supreme Court would never consider Fryburger's claims, but only that it would not consider them in a petition for review.  As the clerk's letter explicitly stated, Fryburger still had the option to file a petition for writ of habeas corpus in the California Supreme Court.  Because the California Supreme Court rejected Fryburger's petition for review for defects that were curable – i.e., the claims could be presented in a petition for writ of habeas corpus – that court's decision did not work as a procedural bar to federal review of the claims therein.  Cf. Johnson v Lewis, 929 F.2d 460, 463-64 (9th Cir. 1991) (when unclear if state supreme court would entertain new petition, federal petition should be dismissed without prejudice).

Fryburger argues that the California Supreme Court's rejection of his petition for review was improper because he should have been given the benefit of the prisoner mailbox rule. This court does not review whether the state court was correct in its application of its filing rules, but only determines the effect of the state court's decision that was made.  Here, that decision was to reject the petition for a procedural reason without reaching the merits.

Respondent's argument that this court should reject the petition as procedurally barred goes too far as there is still the possibility that the California Supreme Court might consider

Fryburger's claims on the merits. If Fryburger returns to the California Supreme Court with a new petition for writ of habeas corpus, that court might reject the petition with a citation to a procedural bar.  However, this court cannot jump ahead of the California Supreme Court and simply assume that the state court will impose a procedural bar to the upcoming petition. This court must wait until the California Supreme Court issues its ruling on the claims and then -- if a procedural bar is imposed by the California Supreme Court and Fryburger later tries to assert the claims in a federal habeas action -- consider whether to honor any procedural bar actually imposed by the California Supreme Court.

The petition for review filed in the California Supreme Court did not exhaust any claim and did not result in a procedural default of any of those claims.  Fryburger's federal petition for writ of habeas corpus must be dismissed as unexhausted.  This action cannot be stayed while Fryburger exhausts his state court remedies because the petition does not contain any exhausted claim.  Fryburger is urged to <u>act swiftly</u> to exhaust his state court remedies and immediately file a new federal habeas petition after he receives a decision from that court to avoid running afoul of the one-year statute of limitations on the filing of federal habeas petitions, 28 U.S.C. § 2244(d).

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 4.)  The action is dismissed without prejudice.  The clerk shall close the file.  Because this action is now closed, when petitioner files his new federal habeas petition, he should <u>not</u> use the case number for this action and instead should file the petition as a new action, i.e., he should send the petition to the court without a case number and the court will assign it a new case number when the petition is filed.

IT IS SO ORDERED.

DATED: July 30, 2008

_____
Marilyn Hall Patel
United States District Judge

4